**FILED**
MAY - 9 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:07CR108-WHA |
| ) | [21 USC § 841(a) |
| ) | 18 USC § 924(c)(1)(A)(i)] |
| TOMMIE PAIREE JOHNSON ) | |
| ) | |
| ) | |
| ) | INDICTMENT |

The Grand Jury charges:

### COUNT 1

On or about November 14, 2006, in Tallapoosa County, within the Middle District of Alabama,

TOMMIE PAIREE JOHNSON,

defendant herein, did knowingly and intentionally possess with the intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a).

### COUNT 2

On or about November 14, 2006, in Tallapoosa County, within the Middle District of Alabama,

TOMMIE PAIREE JOHNSON,

defendant herein, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as cocaine powder, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a).

## COUNT 3

On or about November 14, 2006, in Tallapoosa County, within the Middle District of Alabama,

## TOMMIE PAIREE JOHNSON,

defendant herein, did knowingly and intentionally possess with the intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as crack cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a).

## COUNT 4

On or about November 14, 2006, in Tallapoosa County, within the Middle District of Alabama,

## TOMMIE PAIREE JOHNSON,

defendant herein, in furtherance of the drug trafficking offenses charged in Counts 1 through 3 herein, did possess the following firearms:

(a)  One Bushmaster, .223 Caliber Rifle, model XM15-E2S;

(b)  One Romarm/Cugir, .762 Caliber Rifle, model GP WASR-10;

(c)  One Remington, .22 Caliber Rifle, model 552.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE ALLEGATION - DRUG PROCEEDS

A.  Counts 1 through 4 of this indictment are hereby incorporated herein by reference.

B.  Upon conviction for the violation of Title 21, United States Code, Section

841(a)(1), as alleged in Counts 1 through 3 of this indictment, the defendant,

TOMMIE PAIREE JOHNSON,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds said defendant obtained, directly or indirectly, as a result of said violation, and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts 1 through 3.

C.   If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third person; (3) has been placed beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

FORFEITURE ALLEGATION - FIREARMS

A.   Counts 1 through 4 of this indictment are incorporated herein by reference.

B.   Upon conviction for the violation of Title 18, United States Code, Section 924(c)(1)(A)(i), as alleged in Count 4 of this indictment, the defendant,

TOMMIE PAIREE JOHNSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

(1) One Bushmaster, .223 Caliber Rifle, model XM15-E2S;
(2) One Romarm/Cugir, .762 Caliber Rifle, model GP WASR-10;
(3) One Remington, .22 Caliber Rifle, model 552.

C. If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third person; (3) has been placed beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
JOHN T. HARMON
Assistant United States Attorney

_____
NATHAN D. STUMP
Assistant United States Attorney