```
         IN THE DISTRICT COURT OF THE UNITED STATES
            FOR THE MIDDLE DISTRICT OF ALABAMA
                       EASTERN DIVISION
```

UNITED STATES OF AMERICA    )
                            )
        v.                  )   CR. NO. 3:07cr108-WHA
                            )
TOMMIE PAIREE JOHNSON       )

MOTION TO ISSUE CORRECTED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama and John T. Harmon, Assistant United States Attorney, and pursuant to Rule 36 of the Federal Rules of Criminal Procedure, respectfully moves this Court for entry of a Corrected Preliminary Order of Forfeiture, and in support of this Motion the United States represents the following:

1. On October 31, 2007, the Court entered a Preliminary Order of Forfeiture as a result of Defendant's guilty plea on Count 4 of the indictment as to firearms described in the forfeiture allegation of the indictment;

2. The Bushmaster, .223 caliber rifle, model XM15-E2S listed an incorrect serial number (BF1463411) in the Preliminary Order of Forfeiture. The correct serial number is "BFI463411";

3. On the grounds cited, the United States moves the Court to enter the Corrected Preliminary Order of Forfeiture filed herewith.

Respectfully submitted this 27th day of November, 2007.

```
                    FOR THE UNITED STATES ATTORNEY
                         LEURA G. CANARY



                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
                    Bar Number: 7068-II58J
                    Office of the United States Attorney
                    Middle District of Alabama
                    131 Clayton Street
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    Telephone:(334) 223-7280
                    Facsimile:(334) 223-7560
```

                        CERTIFICATE OF SERVICE

   I hereby certify that on November 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

```
                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
```

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. NO. 3:07cr108-WHA |
| ) | |
| TOMMIE PAIREE JOHNSON ) | |

<u>CORRECTED PRELIMINARY ORDER OF FORFEITURE</u>

WHEREAS, in the forfeiture allegation of the indictment in the above case, the United States sought forfeiture of specific property, and,

WHEREAS, defendant Tommie Pairee Johnson consents to the forfeiture of specific property,

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea on Count 4 of the indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), the Defendant shall forfeit to the United States: all firearms and ammunition involved in the commission of the violation of Title 18, United States Code, Section 924(c)(1)(a)(i).

2. The Court has determined that the following firearms are subject to forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c); that the defendant had an interest in such firearms; and, that the United States has established the requisite nexus between such firearms and such offense:

        One Bushmaster, .223 Caliber Rifle, model XM15-E2S, bearing serial number BFI463411;

        One Romarm/Cugir, .762 Caliber Rifle, model GP WASR-10, bearing serial number SN AJ-0464-81;

        One Remington, .22 Caliber Rifle, model 552, bearing no serial number.

3. Upon the entry of this Order, the United States Attorney General is authorized to seize the above-listed firearms and conduct any discovery proper in identifying, locating or disposing of the firearms subject to forfeiture, in accordance with Fed.R. Crim.P. 32.2(b)(3).

4. Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the Order and its intent to dispose of the firearms in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject firearms.

6. Any person, other than the above named defendant, asserting a legal interest in the subject firearms may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject firearms, and for an amendment of the Order of

Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) which incorporates Title 21, United States Code, Section 853(n)(6).

7. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the oral pronouncement of sentence and included in the written judgment in a criminal case. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the subject firearms shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject firearms, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject firearms, and any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed.R. Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject firearm following the Court's disposition of all third-party interests, or, if no such petitions are filed, following the

expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 28, United States Code, Section 2461(c), for the filing of third party petitions.

    11.  The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed.R.Crim.P. 32.2(e).

    12.  IT IS FURTHER ORDERED that the Clerk of the Court shall note entry of this Order in writing on the Judgment in a Criminal Case and forward two certified copies of this Order to the United States Attorney's Office.

    SO ORDERED this the _____ day of _____, 2007.


_____
UNITED STATES DISTRICT JUDGE